1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA for        )    Civil No. 08cv1673 JAH (CAB)
    the use and benefit of              )
11  TECHNICA, LLC,                      )    ORDER DENYING PLAINTIFF'S
                                        )    MOTION TO AMEND AND/OR
12                    Plaintiff,         )    FOR RELIEF FROM JUDGMENT
    v.                                  )    [DOC. # 86]; AND DENYING
13                                      )    PLAINTIFF'S MOTION FOR
    CAROLINA CASUALTY INSURANCE          )    DETERMINATION THAT THERE
14  COMPANY, et. al.,                   )    IS NO REASON FOR DELAY IN
                                        )    ENTERING JUDGMENT ON
15                    Defendants.        )    COMPLAINT [DOC. # 85]
    _____ )

16

17                        **INTRODUCTION**

18          Pending before this Court are the motions to amend, and/or for relief from, this

19  Court's judgment and for a determination that there is no reason for delay in entering

20  judgment filed by plaintiff Technica, L.L.C. ("Technica" or "plaintiff"). The motions have

21  been fully briefed by the parties. After a careful consideration of the record as a whole,

22  and for the reasons set below, this Court DENIES both of plaintiff's motions.

23                        **BACKGROUND**

24          Plaintiff filed a complaint on September 8, 2008, alleging two causes of action: (1)

25  under the Miller Act, 40 U.S.C. §§ 3131, *et seq.*, against defendant Candelaria Corporation

26  ("Candelaria") and Candelaria's payment bond surety, defendant Carolina Casualty

27  Insurance Company ("CCIC"); and (2) for breach of contract against defendant Otay

28  Group, Inc. ("Otay"). Plaintiff's claims stem from construction work performed for a

federal construction project known as "ICE El Centro SPC - Perimeter Fence Replacement/Internal Devising Fence Replacement" located in El Centro, California ("the project").  The project consisted of replacement and construction of fencing at the El Centro United States Immigration and Customs Enforcement ("ICE") detention facility. Candelaria was the general contractor for the project and CCIC was Candelaria's surety on the payment bond.  Candelaria entered into a subcontract with Otay on December 12, 2007, in which Otay agreed to supply labor and equipment necessary to complete a portion of the project.  Technica subsequently entered into an agreement with Otay concerning work on the project.  On June 6, 2008, Otay's subcontract with Candelaria was terminated for cause.

Candelaria filed a counterclaim against Technica on May 4, 2009, and Technica filed an answer to the counterclaim on May 26, 2009.  Defendants Candelaria, CCIC and Otay (collectively "defendants") filed a motion for summary judgment on September 28, 2009, seeking judgment in their favor on both of plaintiff's claims on the grounds that plaintiff was barred from filing suit in California because it did not hold a California contractor's license.  This Court, on June 29, 2010, granted defendants' motion.  The instant motions for reconsideration or for certification for interlocutory appeal of that ruling were filed by plaintiff on July 27, 2010.  Oppositions to the motions were filed on October 12, 2010 and reply briefs were filed on October 19, 2010.  This Court subsequently took the motions under submission without oral argument.  *See* CivLR 7.1(d.1).

## **DISCUSSION**

Plaintiff moves to amend, or for relief, from the judgment entered by this Court by order filed on June 29, 2010, pursuant to Rules 59(e) and 60(b).  Plaintiff separately moves for a determination by this Court that there is no just reason to delay entry of final judgment on plaintiff's claims against defendants for appeal purposes.

//

//

08cv1673

1 **1.    Plaintiff's Motion to Amend or for Relief from Judgment**

2        **a.    Legal Standard**

3       The reconsideration of a court order under Federal Rule of Civil Procedure 59(e)

4 (motion to alter or amend judgment) or Federal Rule of Civil Procedure 60(b) (motion for

5 relief from final judgment or order) is appropriate only if the district court: (1) is presented

6 with newly discovered evidence; (2) committed clear error or the initial decision was

7 manifestly unjust; or (3) if there is an intervening change in controlling law.  *See* School

8 Dist. No. 1J, Multonomah County, Or. v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir.

9 1993).  Materials available at the time of filing of an opposition are not "newly discovered

10 evidence" warranting a reconsideration of summary judgment.  Trentacosta v. Frontier

11 Pacific Aircraft Indus., Inc., 813 F.2d 1553, 1557 (9th Cir. 1987); Frederick S. Wyle

12 Professional Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985).

13       Rule 60(b) permits relief from a judgment or an order for:  (1) mistake,

14 inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due

15 diligence could not have been discovered in time to move for a new trial . . .; (3) fraud .

16 . . misrepresentation, or other misconduct by an adverse party; (4) a void judgment;  (5)

17 satisfaction, release, or discharge of the judgment; or (6) "any other reason justifying relief

18 from the operation of the judgment." Fed. R. Civ. P. 60(b).  Rule 60(b)(6) "has been used

19 sparingly as an equitable remedy to prevent injustice.  The rule is to be utilized only where

20 extraordinary circumstances prevented a party from taking timely action to prevent or

21 correct an erroneous judgment." United States v. Alpine Land & Reservoir, Co., 984 F.2d

22 1047, 1049 (9th Cir. 1993), *cert. denied*, 114 S. Ct. 60 (1993).

23       The Ninth Circuit has instructed that "[i]n determining whether Rule 60(b) applies,

24 courts should be mindful that the rules are to be construed to achieve the just

25 determination of every action."  Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983).

26 However, there is also a compelling interest in the finality of judgments that should not

27 be disregarded lightly.  Id.  Reconsideration under Rule 59(e) (motion to alter or amend

28 a judgment) or Rule 60(b) (relief from judgment) is appropriate if "the district court (1)

1   is presented with newly discovered evidence, (2) committed clear error or the initial

2   decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

3   School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.

4   1993).

5       **b.    Analysis**

6       The Court finds that there are no grounds on which to grant plaintiff's motion for

7   reconsideration.  A motion for reconsideration "should not be granted, absent highly

8   unusual circumstances, unless the district court is presented with newly discovered

9   evidence, committed clear error, or if there is an intervening change in the controlling

10  law."  Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations

11  omitted).  Plaintiff's only basis for challenging the order is the assertion that this Court

12  committed "clear error" in its understanding of the relevant law and facts.  Plaintiff's

13  arguments challenge virtually every aspect of this Court's ruling and essentially amount

14  to a recapitulation of the motion for summary judgment.  The Court notes that a motion

15  to reconsider is not a means for a party to rehash arguments that were previously

16  considered and rejected.  Gutierrez v. Givens, 989 F. Supp. at 1047; *see also*, In re Oil Spill

17  by the "Amoco Cadiz", 794 F. Supp. 261, 276 (N. D. Ill. 1992) ("motions to reconsider

18  are not at the disposal of parties who want to 'rehash old arguments.").  Nonetheless, this

19  Court has reviewed its prior order in its entirety, the case law cited in the order, and both

20  those aspects of the record relied upon in the order and those to which plaintiff points in

21  its motion.

22      While reasonable minds may disagree on the nuances of the law and the facts

23  presented, differing interpretations of fact and law do not amount to "clear error" but are

24  a normal byproduct of legal advocacy.  Although defendant may disagree with the

25  conclusions drawn by this Court, the analysis can hardly be characterized as "clear error."

26  The Court finds that this Court's prior order granting summary judgment in defendants'

27  favor is supported by the record and the law and therefore is not clearly erroneous.

28  //

08cv1673

2.      **Plaintiff's Motion for Determination of No Just Reason for Delay**

        a.      **Legal Standard**

Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> When more than one claim is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment.

Fed.R.Civ.P. 54(b).

In determining whether to grant Rule 54(b) certification, the court must first decide whether a final judgment was rendered, that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980). After making this threshold determination, the court must then examine whether there is any just reason for delay, considering "the historic federal policy against piecemeal appeals." Id. at 8; Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005).

The court exercises its discretion to determine whether the matter is "ready for appeal . . . tak[ing] into account judicial administrative interests as well as the equities involved." Curtiss-Wright, 446 U.S. at 8; *see* Wood, 422 F.3d at 878. The district court acts as a "dispatcher" exercising its discretion to decide which dispositive decision on a claim or counterclaim in a multi-claim action should be "finalized" (i.e., made appealable) and which should be withheld pending resolution of the entire controversy. Spiegel v. Trustees of Tufts College, 843 F.2d 38, 43 (1st Cir. 1988).

Judicial administration concerns include "whether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; whether review of the adjudicated claims would be mooted by future developments in the case; whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals; and whether delay in payment of the judgment … would inflict severe financial harm." Wood, 422 F.3d at 878 n.2 (citing Curtiss-Wright, 446 U.S. at 5-6). However, "claims certified

08cv1673

1   for appeal do not need to be separate as long as resolving the claims would streamline the

2   ensuing litigation." <u>Noel v. Hall</u>, 568 F.3de 743, 747 (9th Cir. 2009).

3       **b.    Analysis**

4       Plaintiff seeks this Court's certification for interlocutory appeal under Rule 54(b)

5   as to the Court's ruling on summary judgment regarding plaintiff's claims.  The claims

6   presented by plaintiff in its complaint, and subsequently adjudicated on summary

7   judgment, were claims (1) for recovery under the Miller Act for payment on CCIC's

8   payment bond for work Technica performed on the project against Candelaria and CCIC,

9   and (2) for breach of contract against Otay.  Remaining to be resolved is Candelaria's

10  counterclaim for breach of contract against Technica stemming from an assignment to

11  Candelaria of Otay's claims against Technica.

12      It is undisputed that this Court's summary judgment ruling was final and ended the

13  litigation with respect to plaintiff's claims, rendering the first element under Rule 54(b)

14  satisfied.  This Court now turns to whether there is a just reason for delay, taking into

15  account both judicial administrative interests along with the equities involved.  <u>Curtiss-</u>

16  <u>Wright</u>, 446 U.S. at 8.

17      Here, plaintiff's claims arose from the same contract and the same construction

18  work as the breach of contract claim still remaining to be litigated.  Thus, both the claims

19  sought to be certified for interlocutory appeal and the remaining counterclaim contain

20  overlapping facts and the witnesses and evidence will most likely also overlap.  The legal

21  issues clearly overlap since each party brings a breach of contract claim and plaintiff's

22  Miller Act claim seeks payment under the Miller Act bond based on an alleged breach of

23  contract.  Therefore, this Court finds that the factual and legal issues in these claims are

24  not separate, independent or distinct from each other such that any immediate appeal

25  would likely result in a duplication of efforts in any subsequent appeal.  *See* <u>RDLegal</u>

26  <u>Funding v. Erwin & Balingit, LLP</u>, 2010 WL 1416968 *1 (S.D.Cal. April 8,

27  2010)(denying Rule 54(b) certification because the overlap in factual issues would result

28  in duplication of effort); <u>Claver v. Coldwell Banker Residential Brokerage</u>, 2009 WL

1    1606611 *2 (S.D.Cal. June 8, 2009)(same).

2        This Court further finds that the equities do not favor granting Rule 54(b)

3    certification.  The Ninth Circuit commented that "[j]udgments under Rule 54(b) must be

4    reserved for the unusual case in which the costs and risks of multiplying the number of

5    proceedings and of overcrowding the appellate docket are outbalanced by the pressing

6    needs of the litigants for an early and separate judgment as to some claims or parties."

7    Morrison-Knudson Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).  As defendants

8    point out, discovery in this case has been completed and the counterclaim is ready for trial

9    which could take place in as little as six months from now.  Conversely, should this Court

10   certify the interlocutory appeal and stay the counterclaim as suggested by plaintiff, the

11   conclusion of this case could take substantially longer to resolve.  This is not, in this

12   Court's view, the "unusual case" contemplated by Rule 54(b) such that certification is

13   warranted.   This Court, therefore, finds the equities also do not favor Rule 54(b)

14   certification.  Accordingly, plaintiff's motion for certifications is denied.

15       Because the pretrial dates having been previously vacated pending resolution of

16   these motions, this Court deems it appropriate to now direct the magistrate judge to set

17   a case management conference in order to reschedule those dates.

18                    **CONCLUSION AND ORDER**

19       Based on the foregoing, IT IS HEREBY ORDERED that:

20   1.    Plaintiff's motion to amend or for relief from judgment pursuant to

21         Fed.R.Civ.P. 59(e) or 60(b) is **DENIED**;

22   2.    Plaintiff's motion for determination that there is no just reason for delay in

23         entry of final judgment pursuant to Rule 54(b) is **DENIED**; and

24   3.    The magistrate judge is directed to set a case management conference in

25         order to schedule all further proceedings in this case.

26   Dated:    March 21, 2011

27   _____

28   JOHN A. HOUSTON
     United States District Judge

                                                                    08cv1673