1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                     **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES, for the use and benefit          CASE NO. 08-CV-01673-H (KSC)
     of: TECHNICA LLC,
12                                                    **ORDER DENYING**
                                    Plaintiff,        **DEFENDANT'S MOTION FOR**
13          vs.                                       **RECONSIDERATION**

14   CAROLINA CASUALTY INSURANCE
     COMPANY; CANDELARIA
15   CORPORATION; OTAY GROUP, INC.;
     and DOES 1 through 10, inclusive,
16
                                   Defendants.
17

18          Plaintiff filed a complaint against Defendants Carolina Casualty Company ("Carolina

19   Casualty"), Candelaria Casualty Insurance Company ("Candelaria"), and Otay Group, Inc.

20   ("Otay") on September 12, 2008.  (Doc. No. 1.)  The Court issued a scheduling order on

21   January 27, 2009, setting the deadline to amend pleadings as February 27, 2009.  (Doc. No.

22   19.)  Defendant Candelaria filed its motion for leave to file third amended answer and

23   counterclaim on December 22, 2011, almost three years after the deadline to amend pleadings

24   passed.  (Doc. No. 124.)  Plaintiff objected to Defendant's motion, asserting that it would be

25   prejudiced by the amendment.  (Doc. No. 131.)  The period for discovery had closed on August

26   3, 2009.  (Doc. No. 19.)  The pre-trial conference had been scheduled for March 15, 2012.

27   (Doc. No. 143.)  The Court determined that Defendant Candelaria did not demonstrate good

28   cause for leave to amend, required under Rule 16(b), and denied Defendant's motion.  (Doc.

Nos. 146, 152.)

On April 10, 2012, Defendant Candelaria Corporation filed its motion for reconsideration of the Court's order denying Defendant's motion for leave to file third amended answer and counterclaim. (Doc. No. 157; see Doc. No. 146.) On April 30, 2012, Plaintiff Technica filed its opposition to Defendant's motion. (Doc. No. 162.) On May 7, 2012, Defendant filed its reply. (Doc. No. 164.) The Court held a hearing on the matter on May 14, 2012. Jack Reynolds Leer and James Scott Scheper appeared on behalf of Plaintiff Technica. Attorney Robert J. Berens appeared telephonically on behalf of Defendant Candelaria. For the following reasons, the Court denies Defendant's motion for reconsideration.

**<u>Background</u>**

Plaintiff/Counterdefendant Technica, LLC's complaint alleged two causes of actions: (1) a Miller Act, 50 U.S.C. § 3131 et seq., claim on the payment bond against Defendant/Counterclaimant Candelaria Corporation and its payment bond surety, Defendant Carolina Casualty Insurance Company; and (2) a breach of contract claim against Defendant Otay Group, Inc. (Doc. No. 1.) Candelaria was the general contractor on the project. (Doc. Nos. 1, 43.) Otay was Candelaria's subcontractor. (Doc. Nos. 1, 43.) Technica entered into an agreement with Otay to provide labor for the project. (Doc. Nos. 1, 43.)

Defendants Candelaria and Carolina Casualty filed an answer on October 23, 2008. (Doc. No. 10.) Defendant Otay filed its answer on October 29, 2008, raising an affirmative defense that Plaintiff was not properly licensed to perform contracting work on the project. (Doc. No. 12, at 4, ll. 11-12.) On November 4, 2008, Defendants Candelaria and Carolina Casualty filed an amended answer, alleging a cross-claim against Defendant Otay by Defendant Candelaria. (Doc. No. 14.) Defendants Candelaria and Otay settled the cross-claim, and Defendant Otay assigned to Defendant Candelaria, for $7500, any and all claims it had, or may acquire, against Plaintiff Technica. (Doc. Nos. 29, 43, 157, 162.) Therefore, on May 4, 2009, Defendant Candelaria, as assignee of Defendant Otay, filed its second amended answer and counterclaim against Plaintiff Technica, alleging that Plaintiff Technica

1   breached its agreement with Defendant Otay by failing to perform work properly and in a
2   timely and efficient manner.  (Doc. No. 43.)

3        On June 29, 2010, the Court granted Defendants Carolina Casualty, Candelaria, and
4   Otay's motion for summary judgment on both of Plaintiff Technica's causes of action in its
5   complaint, finding that Plaintiff Technica was not properly licensed in California and therefore
6   was barred from bringing its claims.  (Doc. No. 76; see also Doc. No. 1.)  On July 27, 2010,
7   Plaintiff Technica filed a motion to amend or for relief from summary judgment pursuant to
8   Rules 59(e) and 60(b).  (Doc. Nos. 86, 90.)  On March 21, 2011, the Court denied Plaintiff's
9   motion to amend or for relief from summary judgment.  (Doc. No. 107.)

10       On December 22, 2011, Defendant Candelaria filed a motion for leave to file third
11  amended answer and counterclaim in which Defendant Candelaria requested leave of the Court
12  to amend its counterclaim to assert a claim against Plaintiff Technica under California
13  Business and Professions Code section 7031(b), to disgorge the amounts paid to Technica by
14  Otay.  (Doc. No. 124.)  Plaintiff Technica opposed the motion.  (Doc. No. 137.)  On March 13,
15  2012, the Court denied Defendant Candelaria's motion for leave to file third amended answer
16  and counterclaim.  (Doc. No. 146.)

17       On April 10, 2012, Defendant Candelaria filed a motion to reconsider the Court's order
18  denying Defendant's motion for leave to file third amended answer and counterclaim, citing
19  Federal Rules of Civil Procedure 59(e) and 60(b).  (Doc. No. 157.)  Plaintiff opposed the
20  motion on April 30, 2012.  (Doc. No. 162.)  Defendant replied on May 7, 2012.  (Doc. No.
21  164.)

22                                   **Discussion**

23       Defendant Candelaria's motion requests reconsideration of the Court's order, citing
24  Federal Rules of Civil Procedure 59(e) and 60(b).  (Doc. No. 157.)  A motion for
25  reconsideration should not be granted unless: (1) the movant presents the court with newly
26  discovered evidence, (2) the court committed clear error or the initial decision was manifestly
27  unjust, or (3) there is an intervening change in controlling law.  Marlyn Nutraceuticals, Inc.
28  v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).  Whether to grant or deny

1   a motion for reconsideration is within the sound discretion of the district court.  <u>Navajo Nation</u>

2   <u>v. Norris</u>, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing <u>Kona Enters., Inc. v. Estate of Bishop</u>,

3   229 F.3d 877, 883 (9th Cir. 2000)).

4         Rule 60(b)(6) permits a court to relieve a party from an order for "any . . . reason that

5   justifies relief."  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) "is to be used sparingly as an

6   equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary

7   circumstances" exist.  <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008).  Relief under Rule

8   60(b) is not a matter of right.  <u>See</u> <u>Carter v. United States</u>, 973 F.2d 1479, 1589 (9th Cir. 1992);

9   <u>Price v. Seydel</u>, 961 F.2d 1470, 1473 (9th Cir. 1992).  Rather, it rests in the trial court's sound

10   discretion.  <u>See</u> <u>Carter</u>, 973 F.2d at 1589; <u>Price</u>, 961 F.2d at 1473.  After reviewing the parties'

11   arguments, the Court concludes that Defendant Candelaria has not met its burden to show

12   newly discovered evidence, clear error or manifest injustice, an intervening change in

13   controlling law, or extraordinary circumstances that would warrant altering or amending its

14   order denying Defendant's motion for leave to file third amended answer and counterclaim.

15         When a case management scheduling order sets a deadline for amending pleadings and

16   the deadline has passed, the liberal policy regarding amendment of pleadings under Rule 15(a)

17   no longer applies.  <u>See</u> <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294 (9th Cir. 2000);

18   <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992).  To allow the

19   amendment, the scheduling order must be modified, requiring leave of court and a showing of

20   good cause.  <u>Coleman</u>, 232 F.3d at 1294; <u>Johnson</u>, 975 F.2d at 608.  The good cause standard

21   "primarily considers the diligence of the party seeking the amendment."  <u>Johnson</u>, 975 F.2d

22   at 608; <u>see also</u> <u>Coleman</u>, 232 F.3d at 1295.

23         Once good cause is shown, the amendment is analyzed under Rule 15.  <u>Johnson</u>, 975

24   F.2d at 608-09.  Even if the amendment is analyzed under Rule 15, "[l]eave need not be

25   granted where the amendment . . . would cause the opposing party undue prejudice, is sought

26   in bad faith, constitutes futility or creates undue delay."  <u>Ascon Props., Inc. v. Mobil Oil Co.</u>,

27   866 F.2d 1149, 1160 (9th Cir. 1989).  "The longer the delay in seeking leave to amend, the

28   greater the risk that leave will be denied because of prejudice to the opposing party or other

1  factors."  William W. Schwarzer, et al., <u>Federal Civil Procedure Before Trial</u> 8:1470 (The
2  Rutter Group 2011).

3       Defendant Candelaria does not demonstrate good cause for modification of the
4  scheduling order or leave to amend. (<u>See</u> Doc. Nos. 146, 157.)  The Court issued a scheduling
5  order on January 27, 2009, setting the deadline to amend pleadings as February 27, 2009.
6  (Doc. No. 19.)  Defendant filed its motion for leave to file third amended answer and
7  counterclaim on December 22, 2011, almost three years after the deadline to amend pleadings
8  passed. (Doc. No. 124.)  Plaintiff objected to Defendant's motion, arguing that it would be
9  prejudiced by Defendant's amendment. (Doc. No. 131.)  The period for discovery had closed
10  on August 3, 2009. (Doc. No. 19.)  The pre-trial conference had been scheduled for March 15,
11  2012. (Doc. No. 143.)  The Court determined that Defendant did not demonstrate good cause
12  for leave to amend, required under Rule 16(b). (Doc. Nos. 146, 152.)

13       The record reflects that Defendant had been aware of the facts underlying its
14  disgorgement claim for years. (<u>See</u> Doc. No. 146.)  A party's knowledge of a claim prior to
15  the amendment deadline, combined with a failure to timely amend, is sufficient to negate a
16  finding of diligence. <u>Coleman</u>, 232 F.3d at 1295 (stating that failure to amend pleadings when
17  aware of facts upon which an amendment is based before a scheduling deadline negates good
18  cause required by Rule 16(b)); <u>Acri v. Int'l Ass'n of Machinists & Aerospace Workers</u>, 781
19  F.2d 1393, 1398 (9th Cir. 1986).  Defendant was aware at the time of filing its original answer
20  of possible affirmative relief against Plaintiff, as evidenced by Defendant's invocation of
21  Plaintiff's lack of licensure as an affirmative defense in its original answer.   (<u>See</u> Doc. No.
22  10.) Additionally, Defendant could have included its disgorgement claim when it was granted
23  leave to file its second amended answer and counterclaim, in which it alleged breach of
24  contract against Plaintiff. (<u>See</u> Doc. Nos. 21, 40, 43.)  Further, Defendant was aware of the
25  claim at the time the Court granted Defendant's motion for summary judgment on June 29,
26  2010. (Doc. No. 76.)  Defendant could have sought to add its new claim under section 7031(b)
27  when it moved for summary judgment or shortly after the court issued its order.  Nevertheless,
28  Defendant did not file its motion for leave to file third amended answer and counterclaim

1    asserting disgorgement until December 22, 2011, over one year after the Court's summary
2    judgment order.  (Doc. No. 124.)

3        Moreover, the Court rejects Defendant's claim that it could not have sought leave to
4    amend until after the Court's determination of Plaintiff's motion to amend or for relief from
5    the Court's summary judgment order.  (Doc. No. 133.)  Plaintiff's motion did not preclude
6    Defendant from seeking the Court's leave to amend its answer and counterclaim.
7    Nevertheless, even if this were the case, Defendant still failed to seek leave to amend until
8    December 22, 2011, months after the Court's order on March 21, 2011 that denied Plaintiff's
9    motion to amend or for relief from the Court's summary judgment order.  (Doc. Nos. 107,
10   124.)

11       Further, Defendant's assertion that settlement negotiations constitute its diligence are
12   insufficient and do not excuse its failure to file an amendment sooner.  See, e.g., Eckert v. City
13   of Sacramento, 2:08-cv-00825-GEB-GGH, 2009 WL 3211278, at *2 (E.D. Cal. Sept. 30, 2009)
14   (stating that ongoing settlement negotiations do not constitute good cause).  Defendant did not
15   need to wait until settlement negotiations concluded to seek leave to amend its answer and
16   counterclaim.  See id.  Defendant's conduct demonstrated an absence of good cause, a lack of
17   diligence, and early knowledge of the claim it sought to assert.  See Coleman, 232 F.3d at
18   1295-95; Johnson, 975 F.2d at 608.

19       Further, Plaintiff contends, as it did in its opposition to Defendant's motion for leave
20   to amend, that it would be prejudiced by the late amendment because of the need to reopen the
21   pleadings and discovery.  (Doc. Nos. 131, 162.)  "A need to reopen discovery and therefore
22   delay the proceedings supports a district court's finding of prejudice from a delayed motion
23   to amend." Coleman, 232 F.3d at 1295 (quoting Lockheed Martin Corp. v. Network Solutions,
24   Inc., 194 F.3d 980, 986 (9th Cir. 1999) (internal quotation marks omitted).  Plaintiff argues that
25   it must be provided with the opportunity to conduct discovery on whether the Assignment
26   Agreement in 2007 between Plaintiff and Defendant actually encompassed the disgorgement
27   claim Candelaria now proposes to bring.  (Doc. Nos 131, 162, Ex. A.)  Plaintiff contends that
28   discovery into the circumstances and intent of the parties entering into the Assignment

1   Agreement, and on whether the $7500 consideration was related to a claim for compensation

2   would be necessary. (Doc. Nos. 131, 162, Ex. A.)  Further, Plaintiff argues that discovery may

3   be required to determine the amount the government paid to Candelaria for Technica's work,

4   the amount Candelaria paid to Otay for the work, and the amount Otay paid to Technica. (Doc.

5   Nos. 131, 162, Ex. A.)  Plaintiff asserts that discovery on these issues was not required when

6   the Defendant's allegations were limited to breach of contract. (Doc. Nos. 131, 162, Ex. A.)

7   Therefore, according to Plaintiff, additional discovery would require time and further delay

8   resolution of the lawsuit.

9          Moreover, Plaintiff argues that it would be entitled to the substantive and procedural

10   opportunity to seek dismissal of the affirmative state law claims Defendant seeks to bring,

11   delaying the proceedings further. (Doc. Nos. 131, 162, Ex. A.)  Plaintiff contends that section

12   7301 precludes actions for compensation by an unlicensed contractor.  (Doc. No. 162.)

13   According to Plaintiff, Otay lacked a California contractor's license. (Doc. No. 162.)  Further,

14   Plaintiff contends that as the assignee bringing derivative claims, Candelaria remains subject

15   to the same defenses and limitations that would apply had Otay brought the claims for itself.

16   (Doc. No. 162.)   Therefore, Plaintiff Technica alleges that it would seek to challenge

17   Defendant Candelaria's right to pursue a claim through Otay under the same section of the

18   California Business and Professions Code that required Otay to have a license.  (Doc. No.

19   162.) Plaintiff asserts that litigation would be further delayed while it pursued these procedural

20   rights. (Doc. No. 162.)

21          Accordingly, the Court's basis for denying leave to amend was based on an absence of

22   good cause, Defendant's dilatory conduct, prejudice that would result to Plaintiff, and delay

23   to resolution of the suit. See Coleman, 232 F.3d at 1295.  An amendment this late in the case

24   would result in reopening discovery, reopening the pleadings, prejudice to Plaintiff, and a

25   delay of the trial. See id.

26          Defendant has not presented manifest errors of law or fact by the Court, new

27   information, or any resulting manifest injustice that would justify alteration or reconsideration

28   of the Court's order. (See Doc. No. 157.)  The arguments raised by Defendant in its motion

for reconsideration were previously considered by the Court in its order denying leave to amend. (Doc. Nos. 146, 157.)  In its March 13, 2012 order, the Court took into consideration the deadline for the pleadings of February 27, 2009, and Defendant's and Plaintiff's arguments. (Doc. No. 146.)  The Court concludes that Defendant has failed to justify reconsideration of the Court's order.  Accordingly, the Court denies Defendant's motion for reconsideration.

To the extent Defendant moves for reconsideration under Federal Rule of Civil Procedure 59(e), the Court also denies Defendant's motion. (Doc. No. 157.)  Federal Rule of Civil Procedure 59(e) permits a party to move to have the court amend its judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e).  Defendant's motion requests reconsideration of the Court's order denying leave to file third amended answer and counterclaim. (Doc. No. 157.)  The Court did not enter final judgment in its order.[1]  (See Doc. No. 146.)  Therefore, the Court denies Defendant's motion to the extent it is brought under Rule 59(e).

### Conclusion

For the reasons above, the Court denies Defendant's motion for reconsideration of the Court's March 13, 2012 order denying Defendant leave to file third amended answer and counterclaim.[2]

**IT IS SO ORDERED.**

DATED: May 14, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] The Ninth Circuit previously determined in this case that the Court's summary judgment order did not dispose of the action as to all claims and all parties. (Doc. No. 115.)  No final judgment has been issued in this case.  (See Doc. No. 115.)

[2] The Court notes that Defendant's motion seeks to amend the counterclaim although the document is titled as a motion for leave to amend the answer and counterclaim.